UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HILDEBRANDO VARGAS,

    Petitioner,

  v.

R. M. DIAZ, Warden,

    Respondent.

Case No. 13-cv-01584-JST (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, petitioner pleaded guilty, in Monterey County Superior Court, to two counts of lewd or lascivious acts on a person under the age of 14. (Docket No. 1 at 2.) Petitioner was sentenced to eight years in state prison. (Id.) Petitioner filed unsuccessful state habeas petitions in the Superior Court, California Court of Appeal, and the California Supreme Court. (Id. at 4-5.) The instant federal petition was filed on April 9, 2013.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.      Claims

Petitioner seeks federal habeas corpus relief on the following grounds: (1) he received ineffective assistance of counsel; and (2) his offense did not fall within the applicable statute of limitations. Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The Clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on petitioner.

2.      Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

/ / /

/ / /

/ / /

1	4.	Petitioner is reminded that all communications with the court must be served on
2	respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also
3	keep the court and all parties informed of any change of address.
4	**IT IS SO ORDERED**.
5	Dated:  July 19, 2013



JON S. TIGAR
United States District Judge