UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDEBRANDO VARGAS,<br><br>    Petitioner,<br><br>    v.<br><br>R. M. DIAZ, Warden,<br><br>    Respondent. | Case No. 13-cv-01584-JST (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 6, 10 |

Petitioner, a pro se prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Petitioner has filed an opposition, and respondent has filed a reply.[1] For the reasons below, the motion is DENIED.

**BACKGROUND**

On November 30, 2010, in Monterey County Superior Court, petitioner pleaded no contest to two counts of lewd and lascivious acts with a child under the age of fourteen. (Dkt. No. 6, Ex. A.) On December 28, 2010, he was sentenced to 8 years in state prison. (Id.) Petitioner did not seek review in the California Court of Appeal.

On May 20, 2012, petitioner filed a petition for a writ of habeas corpus in the Monterey County Superior Court, which was denied on July 27, 2012. (Dkt. No. 6, Ex. B.)

On September 5, 2012, petitioner filed a petition for a writ of habeas corpus in the

---

[1] Respondent's motion for an extension of time to file the reply (Dkt. No. 10) is GRANTED, and the reply is deemed timely filed.

California Court of Appeal, which was denied on November 7, 2012. (Dkt. No. 6, Ex. C; Dkt. No. 7, Ex. A.)

On December 2, 2012, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which was denied on February 20, 2013. (Dkt. No. 6, Ex. D.)

Petitioner then filed this action, seeking a federal writ of habeas corpus. The petition has a signature date of April 1, 2013 and was stamped "filed" at the Court on April 9, 2013. As a pro se prisoner, petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume he gave the petition to prison officials for mailing on the date he signed it, i.e., April 1, 2013, and deem the federal petition filed as of that date.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2]

Petitioner had 60 days to pursue direct review in the California Court of Appeal. Cal. Rule of Court 8.308. Petitioner was sentenced on December 28, 2010. Because the sixtieth day was a Saturday, February 26, 2011, petitioner had until the following Monday, February 28, 2011, to file a direct appeal. Cal. Civ. Proc. Code §§ 12, 12b. Consequently, the judgment became final and the limitations period began on February 28, 2011. See Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); see also Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which petitioner could have sought further

---

[2] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See 28 U.S.C. § 2244(d)(1)(B)-(D).

2

direct review, regardless of whether he did so). Petitioner therefore had until February 28, 2012 to file his federal habeas petition. The instant petition is deemed filed on April 1, 2013, more than one year later. Consequently, absent statutory or equitable tolling, the petition is untimely.

A. Statutory Tolling

Petitioner does not claim he is entitled to statutory tolling. Even if petitioner had claimed such tolling, however, he would not be eligible for it. Pursuant to 28 U.S.C. § 2244, the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." See 28 U.S.C. § 2244(d)(2). An application for review remains "pending" in state court until it "has achieved final resolution through the State's post-conviction procedures." Carey v. Saffold, 536 U.S. 214, 220 (2002).

Here, petitioner did not file his first state habeas petition until May 20, 2012, over two months after the limitations period under AEDPA had expired. Consequently, the state petition neither tolled nor revived the statute of limitations. 28 U.S.C. § 2244(d)(2); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Accordingly, the Court finds the petition is not rendered timely on the basis of statutory tolling.

B. Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation and citation omitted); accord Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." Holland, 130 S. Ct. at 2565.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his

untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation and citation omitted). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence." Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006)).

In his opposition, petitioner argues he is entitled to equitable tolling because he is not fluent in English. Specifically, petitioner states that: "[he] asserted from [his] initial habeas petition filed in Superior Court, that [he] only read, spoke and wrote Spanish." (Dkt. No. 7 at 3.[2]) The Ninth Circuit has held that lack of English language ability may constitute an extraordinary circumstance warranting equitable tolling. See Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006). The petitioner in Mendoza (Carlos Mendoza), also a Spanish-speaker, alleged that, in addition to a general lack of English ability, he "was denied access to Spanish-language materials, and could not procure the assistance of a translator during the running of the AEDPA limitations period." Id. at 1071. Mendoza alleged that he made several trips to his prison law library "but found only English-language books and only English-speaking clerks and librarians." Id. at 1069. "Not until Mendoza found a newly-arrived, bilingual inmate willing to offer assistance was he able to file his habeas petition; however, by this time, the AEDPA deadline had already passed." Id. The Ninth Circuit remanded for factual development of the record to determine if Mendoza's situation could entitle him to equitable tolling. Id. at 1071. The Ninth Circuit concluded that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Id. at 1070.

In the instant case, petitioner avers that: (1) he has an English-language barrier; (2) he

---

[2] The page numbers used herein for filings in this action refer to those affixed to the top of the page by the Court's electronic filing program.

functioned at his state criminal proceedings through a court interpreter; (3) his prison law library lacks "Spanish speaking clerks" and lacks "legal materials in Spanish"; (4) he had difficulty procuring translation assistance because he feared for his safety if other inmates discovered the nature of his crimes, i.e., sex offenses against a child; (5) CDCR staff warned him not to discuss his crimes with other inmates; (6) "[he] was finally able to locate a jailhouse lawyer and competent interpreter in February 2012 . . . after being assured that no harm would come to [him]"; and (7) as soon as he obtained this assistance, he acted diligently in preparing and filing his state habeas petition. (Dkt. No. 7 at 3-6.) While petitioner did not submit a declaration in support of his opposition to the motion to dismiss, he includes these averments directly in his opposition brief, which is signed under penalty of perjury. Petitioner's allegations, if true, show that petitioner's language barriers, the lack of access to legal materials in Spanish, and his fear of retribution preventing petitioner from discussing his crime were all factors external to petitioner which arguably delayed his petition, in the sense that they prevented him from timely exhausting remedies in state court. Once petitioner was able to obtain translation assistance, he promptly took steps to pursue state remedies, and promptly filed his federal petition. Consequently, the Court finds the allegations made by petitioner may entitle him to equitable tolling. See Lott v. Mueller, 304 F.3d 918, 924 (9th Cir. 2002) (warning against imposing extraordinarily high evidentiary standards on pro se prisoner litigants seeking equitable tolling).

    Respondent points out in his reply that petitioner sets forth no facts showing exactly what attempts he made to procure Spanish-language legal materials or translation assistance leading up to the time he allegedly found an interpreter in February 2012, as petitioner alleges. Petitioner thus makes no showing that, despite his lack of English language ability, he pursued his rights diligently. See Holland, 130 S. Ct. at 2562. Respondent also points to evidence in the record that petitioner has lived in the United States since 1990, obtained a General Education Development certificate in 1997, and attended courses at Hartnell College in the United States – evidence that seemingly contradicts petitioner's argument for equitable tolling. (See Dkt. No. 1-2 at 43; Dkt. No. 6-3 at 8.)

    On the current record, there appear to be genuine issues of fact with respect to whether

5

petitioner is entitled to equitable tolling. A resolution of the issue, however, would likely require further extensive proceedings, most likely through an evidentiary hearing. See Mendoza, 449 F.3d at 1071; see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner [] should receive an evidentiary hearing when he makes 'a good faith allegation that would, if true, entitle him to equitable tolling.' ") (quoting Laws v. LaMarque, 351 F.3d 919, 919 (9th Cir. 2003)). Petitioner's application for habeas relief itself, however, presents relatively straightforward issues. Although a procedural issue such as the statute of limitations should ordinarily be resolved first, the statute of limitations is not jurisdictional[3], and "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999) (internal citations omitted). In the present case, it appears to be more judicially efficient to adjudicate petitioner's claims on the merits. Accordingly, the Court will deny respondent's motion to dismiss and order respondent to file an answer addressing the merits of petitioner's claims.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss is DENIED. The denial is WITHOUT PREJUDICE. Respondent will be given an opportunity to renew the motion and request an evidentiary hearing on petitioner's entitlement to equitable tolling after the Court rules on the merits of petitioner's claims. The Court will also consider scheduling such an evidentiary hearing on its own motion if it determines at a later date that such hearing is warranted.

2. Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable in the Court's Order to Show Cause of July 19, 2013. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the

---

[3] Green v. White, 223 F.3d 1001, 1004 (9th Cir. 2000) (statute of limitations not jurisdictional).

6

issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **twenty-eight (28) days** of the date the answer is filed.

This order terminates Docket Nos. 6 and 10.

**IT IS SO ORDERED.**

Dated: November 22, 2013

_____
JON S. TIGAR
United States District Judge